[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
The defendants' objection to the plaintiff's Offer of Judgment dated October 5, 1993 is hereby SUSTAINED for the following reasons:
1. On or about June 24, 1993, the plaintiff filed Offers of judgment against each individual defendant in this case in the amount of One Million Dollars ($1,000,000) each.
2. None of the foregoing offers of Judgment was accepted.
3. On or about October 5, 1993, the plaintiff filed a second Offer of Judgment against all defendants in this case in the revised amount of, One Hundred Fifty Thousand Dollars ($150,000).
4. To the October 5, 1993 Offer of Judgment the defendants have objected under the authority of Section 52-192a
of the Connecticut General Statutes.
5. Prior to 1982, Section 52-192a specifically permitted a plaintiff to file multiple offers of judgment in the same case. On that score, the statute provided in pertinent part as follows:
 Following [the] rejection of an "offer of judgment," the plaintiff may file a new "offer of judgment" and may continue to do so up to the time of trial.
6. In 1982, however, the foregoing statutory language was deleted from Section 52-192a by the passage of Public Act 82-228. As a result of the passage of Public Act 82-228, all remaining statutory references to offers of judgment are in the singular.
7. When the legislature enacts a statute, it can ordinarily be presumed to intend that each sentence, clause and phrase in the statute has a special and peculiar purpose and meaning. Turner v. Turner, 219 Conn. 703, 713
(1991). The legislature will not readily be found to have enacted meaningless provisions. By the same token, when CT Page 9344 the legislature amends a statute by eliminating specific language therefrom, it must typically be presumed to intend that the purpose formerly served by the eliminated language is no longer to be served by the statute.
8. Against this background, two presumptions must fairly be made about the language formerly permitting the filing of multiple offers of judgment in civil actions. The first is that that language granted authority not otherwise granted by the remaining provisions of Section52-192a. Otherwise stated, the language had a peculiar and specific meaning that was not mere surplusage in the context of that statute. The second logical presumption is that by eliminating this provision from Section 52-192a, the legislature intended to terminate the multiple offer-of-judgment practice previously authorized thereunder.
9. Though the plain language of the statute leaves no room for construction on this subject, it must also be noted that the foregoing presumptions are supported by the legislative history of Public Act 82-128. Specifically, it is noteworthy that when the legislation in question was brought before the Senate on the favorable report of the Judiciary Committee, Senator Howard Owens, then co-chairman of the Judiciary Committee, explained its purpose to his colleagues as follows:
 SENATOR OWENS: I move acceptance of the Joint Committee's Favorable Report and passage of this Bill.
THE CHAIR: Will you remark, Senator?
 SENATOR OWENS: Yes, Mr. President. The Bill would change from unlimited to one of a number of offers of judgment which a plaintiff could make in a suit and when the plaintiff is to receive interest in addition to judgment, would require that interest be a percentage of the amount awarded rather than the highest rejected offer of judgment. I'd ask if there is no objection to this that it be placed on the Consent Calendar.
CT Page 9345
Senate Debate, 25 S.Proc., Pt., 10, 1982 Sess. pp. 1257-58 (1982). Thereafter the Bill was passed by the Senate without further comment or debate.
For all of the foregoing reasons, defendants' objection to plaintiff's October 5, 1993 offer of judgment is hereby SUSTAINED.
Sheldon, J.